FILED
2017 May-25 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| KAANTE GAINES, | ) |
| | ) |
|     Petitioner, | ) |
| v. | ) Case No. 2:15-cv-1822-VEH-TMP |
| | ) |
| CHERYL PRICE, Warden; | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF ALABAMA, | ) |
| | ) |
|     Respondents. | ) |

## **MEMORANDUM OPINION**

This is an action by an Alabama state prisoner filed pursuant to 28 U.S.C. § 2254, challenging a conviction of robbery in the first degree that he received in the Jefferson County Circuit Court on July 18, 2012. On May, 2, 2017, the magistrate stated:

> Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that, as to the petitioner's claim that his right to confront his accusers under the Sixth Amendment was violated (Claim 1), the petition for writ of habeas corpus under 28 U.S.C. § 2254 be conditionally GRANTED, unless, within sixty (60) days, the petitioner is given a new trial that comports with the Constitution. As to petitioner's claims of ineffective assistance related to counsel's objections to the introduction of the Rowe interview (Claims 2(a)-(d)), counsel sufficiently and adequately objected and, therefore, the claims are meritless and due to be DENIED.[1] The magistrate judge further

---

[1] The magistrate placed a footnote here which read:

recommends, as to the claim of ineffective-assistance-of-counsel relating to the jury instruction (Claim 2(e)), the claim is meritless and due to be DENIED.

(Doc. 25 at 77-78). In that same document, the magistrate notified all parties of their right to object to the recommendation "within fourteen (14) calendar days from the date the report and recommendation is entered." (Doc. 25 at 77). The time for filing objections has now passed. Objections to the recommendation have been filed only by the Respondents. (Doc. 26).

Having carefully reviewed, *de novo*, all the information in the Court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate's recommendation ought to be, and hereby is, **ACCEPTED** and **ADOPTED** as the opinion of this Court. The Court expressly finds that, for the reasons stated by the magistrate, the petition for writ of habeas corpus under 28 U.S.C. § 2254 is due to be conditionally **GRANTED** as to the petitioner's claim that his right to confront his accusers under the Sixth Amendment was violated (Claim 1), unless, within sixty (60) days, the petitioner is given a new

---

> Alternatively, if this court is mistaken in the conclusion that counsel adequately objected to the introduction of the Rowe interview, that failure to object properly is itself ineffective assistance of counsel for which petitioner would be entitled to relief.

(Doc. 25 at 77, n. 21). The undersigned hereby **ACCEPTS** and **ADOPTS** this alternative finding.

trial that comports with the Constitution. In all other respects, the Court expressly finds that, for the reasons stated by the magistrate, the petition is due to be **DENIED**. The Court expressly finds that the objections to the recommendation are due to be, and hereby are, **OVERRULED**.

A final order will be entered.

**DONE** and **ORDERED** this 25th day of May, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge